# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 23, 2017
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

2016-SC-000301-RR

HON. STEVEN D. COMBS                                                                          APPELLANT
CIRCUIT COURT JUDGE
35TH JUDICIAL CIRCUIT


ON APPEAL FROM
V.                              JUDICIAL CONDUCT COMMISSION


JUDICIAL CONDUCT COMMISSION                                                     APPELLEE


### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Steven D. Combs, Judge of the Thirty-Fifth Judicial Circuit of

Kentucky, pursuant to Supreme Court Rule (SCR) 4.290, appeals from an

order of the Judicial Conduct Commission ("Commission") denying his request

to deem portions of his Kentucky Lawyer Assistance Program ("KYLAP")

Confidential Recovery Agreement as invalid. After a careful review, we affirm

the order of the Commission.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2015, the Commission charged Judge Combs with ten

counts of violations of the Kentucky Code of Judicial Conduct. Subsequently,

on June 2, 2015, and August 7, 2015, the Commission amended the charges

against Judge Combs by alleging three additional violations. After the issuance

of the initial charges, Judge Combs was referred to Paul D. Dalton of Lexington

Counseling & Psychiatry for an assessment. In his June 2015, assessment Dalton concluded that Judge Combs met the criteria for "Alcohol Use Disorder-Mild." This diagnosis was based on Judge Combs's disclosure that he "regularly drinks 2-3 drinks of vodka, 3-4 nights per week, alone" and that '[h]is reason for drinking is to take the stress of the day off, to relax and to cope with other issues." Further, Dalton noted that Judge Combs's "drinking has led to allegations, misconduct charges, and suspension of his job as a Circuit Court Judge." Ultimately Dalton recommended "ongoing assessment and counseling by either a qualified program or a Master's level Certified Alcohol and Drug Counselor in Kentucky." Additionally, in light of the allegations of judicial misconduct lodged against Judge Combs, Dalton recommended that he discontinue drinking immediately.[1]

On September 21, 2015, the Commission was scheduled to hear the allegations lodged against Judge Combs. However, prior to the commencement of that hearing, an agreement to resolve the charges was reached between Judge Combs (represented by counsel) and counsel for the Commission. As part of the October 2015, Agreed Order of Suspension ("Agreed Order"), Judge Combs admitted that he committed ten violations of the Code of Judicial Conduct.[2] For these violations, Judge Combs was suspended from his duties

---

[1] In response to Dalton's evaluation, in July 2015, Judge Combs underwent a 24-hour Alcohol Use Evaluation at The Ridge Addiction Recovery Center. Dr. Marc Whitsett examined Judge Combs and concluded that "[t]here is insufficient objective evidence to establish an alcohol use disorder based on available records and provided information."

[2] Specifically, Judge Combs admitted that he engaged in the conduct alleged in all or portions of counts I, II, III, IV, V, VI, VIII, IX, XI, and XII as enumerated in the

2

as circuit court judge, for a period of one-hundred-eighty days. In addition to his suspension from office, Judge Combs agreed to the following conditions regarding KYLAP:

> [E]nroll in the Kentucky Lawyers Assistance Program ("KYLAP") for evaluation and assessment within 30 days of the date of this order; follow the instructions and procedures recommended by KYLAP; and waive the confidentiality of the KYLAP reports only as to the Commission, so that the Commission can be informed as to any and all results of such evaluation and assessment and as to his progress in following any instructions and procedures recommended for him. Judge Combs' failure to comply with the provisions of this paragraph will constitute a breach of this Agreed Order of Suspension.

Following the entry of the agreed order, KYLAP required Judge Combs to be assessed by the Clarity Professional Evaluation Center ("Clarity"). As noted in the report prepared by Clarity's Director, James S. Walker, Judge Combs disputed the need for the Clarity evaluation, arguing that it was unwarranted and that it "represented an undue burden upon him." Ultimately, Director Walker determined that there was insufficient evidence to diagnose Judge Combs with a formal alcohol use disorder. However, Director Walker recommended that Judge Combs refrain from the use of alcohol altogether for the following reasons:

> The fact that he is taking Crestor, a medication which can cause serious medical complications in the presence of alcohol use, should preclude alcohol use on his part. The fact that he has engaged in some unwise activities in the course of drinking, his prominent social position, and the concerns raised in his community also leads us to believe that he would be better served

---

Notice of Formal Proceedings. For the portions of counts II, III, XI, XIII, which Judge Combs did not admit to, he agreed that the Commission had a good faith basis and proof to support the charges. Counts VII and X were dismissed in their entirety.

by not consuming alcohol at all. In this regard, we join Dr. Dalton's recommendation from last year. We are concerned that Judge Combs has not followed this recommendation. KYLAP may wish to consider a period of diagnostic monitoring in this regard.

In February 2016, Yvette Hourigan the Director of KYLAP, sent a letter to the Commission regarding Judge Combs's treatment. In the letter, Director Hourigan advised that "Judge Combs should follow the recommendations of Dr. Paul Dalton and Clarity Professional Evaluation Center's integrated team and remain abstinent from the use of alcohol altogether." Additionally, due to concerns that Judge Combs had not followed Dalton's recommendations, Director Hourigan recommended that diagnostic monitoring was appropriate, in the form of random alcohol and drug testing for a period of one year. Subsequently, Judge Combs objected to alcohol abstinence and monitoring. In overruling Judge Combs's objection, the Commission reminded him that the terms of the Agreed Order mandated full compliance with KYLAP instructions and procedures and that failure to comply would constitute a breach of the agreement.

On April 29, 2016, Judge Combs signed a Confidential Recovery Agreement with KYLAP, which mandated that he abstain from alcohol and be subjected to random drug and alcohol screens to ensure compliance.[3] However, on May 24, 2016, Judge Combs filed a motion requesting that the "provisions of the KYLAP agreement, requiring abstinence, alcohol testing, that

---

[3] While Judge Combs signed the KYLAP Confidential Recovery Agreement, he also wrote that "[t]his Document has been signed only under protest and duress."

4

Judge Combs report to KYLAP regarding medications prescribed for him and that he allow KYLAP unfettered access to his medical records be stricken from the KYLAP Agreement." On June 1, 2016, the Commission overruled Judge Combs's motion. This appeal followed.

## ANALYSIS

### By Entering into the Agreed Order of Suspension With the Commission Judge Combs Waived His Right to Challenge His Participation in the KYLAP Program.

Judge Combs contends that the Commission's order denying his request to be relieved of his obligation to follow the requirements of the KYLAP Confidential Recovery Agreement was erroneous and unreasonable. Specifically, Judge Combs argues that it would be impossible for the Court to find that the Commission's findings and conclusions were reasonable, as the Commission denied his motion without elaboration as to their reasoning. Additionally, Judge Combs contends that KYLAP substituted its judgment for that of the medical professionals that evaluated him. Further, Judge Combs alleges that the Commission failed to identify the relationship between his unethical conduct and KYLAP's requirements. In response, the Commission argues that these issues were waived by Judge Combs when he entered into the Agreed Order. We agree with the Commission.

"The common definition of a legal waiver is that it is a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon." *Greathouse v. Shreve*, 891 S.W.2d 387 (Ky. 1995) (quoting

5

*Barker v. Stearns Coal & Lumber Co.*, 163 S.W.2d 466 (Ky. 1942)). While waiver is similar in nature to estoppel, it differs in that it does not require proof, "of the other party having been misled." *Id.* As such, "[w]aiver is essentially unilateral, resulting as a legal consequence from some act or conduct of [the] party against whom it operates, and no act of [the] party in whose favor it is made is necessary to complete it." *Id.* (citing BLACK'S LAW DICTIONARY (6th ed.1990)).

In the case at bar, Judge Combs elected to forgo a hearing concerning his violations of the Code of Judicial Conduct, and instead entered into an agreement with the Commission. This agreement, as memorialized in the Agreed Order, mandated the suspension of Judge Combs from his duties as circuit court judge, for a period of one-hundred-eighty days. Additionally, Judge Combs explicitly agreed to enroll in KYLAP for an evaluation and to abide by KYLAP's instructions and recommendations. These requirements were material conditions of the Agreed Order and by accepting the agreement Judge Combs was obligated to abide by its terms. Further, his acceptance of the terms of the agreement constitutes an explicit waiver which serves to bar review of the claims he now raises on appeal.

It is clear that Judge Combs considers the requirements imposed by KYLAP to be inconvenient and a detriment to the enjoyment of his time off the bench. However, these requirements must be viewed in the context of the agreement that Judge Combs entered into to resolve his numerous ethical violations. The Agreed Order's sanctions suspending Judge Combs from his

6

judicial duties and requiring him to be monitored by KYLAP were not designed solely to punish or deter Judge Combs from future wrongdoing. Rather, Judge Combs's actions constituted a breach of faith with the public, necessitating the Commission's actions to restore trust in the judiciary. As such, it is paramount to the administration of justice that Judge Combs comply fully with his public pledge to take responsibility for his violations of the Code of Judicial Conduct.

There is nothing unfair about holding Judge Combs to a higher standard than that expected of an ordinary citizen, as "[a]ll judges are held to a higher standard by virtue of the Code of Judicial Conduct." *Thomas v. Judicial Conduct Commission*, 77 S.W.3d 578, 580 (Ky. 2002); *see also, Cone v. Cone*, 68 So. 2d 886, 888 (Fla. 1953) ("From the time he is clothed with judicial authority he is a marked man. His words and his conduct should inspire confidence; he might well strive to honor the bench instead of having it honor him. The judiciary is the capstone of our democracy but it will be so no longer than its deportment warrants."). This expectation of exemplary conduct is also reflected in the Commentary to SCR 4.300, Canon 2, which states in part, "[a] judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on the judge's conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly."

Finally, while Judge Combs has sought the opinions of other substance abuse professionals their conclusions do not render the KYLAP requirements unreasonable. The evaluations by Paul Dalton and Clarity both included

7

alcohol abstinence and monitoring. The judge's numerous violations of the Code of Judicial Conduct included behavior apparently affected by his alcohol use. Thus, even if we looked past Judge Combs's waiver, we cannot find that the KYLAP Agreement imposes unreasonable requirements.

## CONCLUSION

For reasons explained herein, we conclude that the Commission properly denied Judge Combs's request to invalidate portions of the KYLAP Confidentiality Recovery Agreement.

Minton, C.J.; Cunningham, Hughes, and Venters, JJ., concur. Keller, J., concurs in result only. Wright, J., dissents without separate opinion. VanMeter, J., not sitting.

COUNSEL FOR APPELLANT:

Richard A. Getty
Danielle Brown
The Getty Law Group, PLLC

COUNSEL FOR APPELLEE:

Jeffrey C. Mando
Louis Kelly
Adams, Stepner, Woltermann & Dusing, PLLC

Jimmy Adell Shaffer
Executive Secretary
Judicial Conduct Commission